PETER B. ROSS, APPELLANT, *v.* SARAH WOOD AND OTHERS, RESPONDENTS.

*Practice — Perjury in a former suit — not ground for bringing another action, to retry the same issues — Remedy.*

Issues tried in a former suit cannot be retried in another between the same parties, upon allegations that one of the parties thereto, and her witnesses, conspired together to and did commit perjury in the former, by means of which a verdict and judgment were had against the present plaintiff, then defendant.

The proper course for the aggrieved party to pursue is to apply for relief in the action itself, by a motion for a new trial on the ground of surprise or newly discovered evidence, or other matter out of which his claim for relief arises.

To obtain relief by an independent action in a court of equity against a judgment obtained through fraud and crime, it must appear that the party had no remedy at law in the action, and that there had been no fault or negligence on his part. A failure to promptly apply for appropriate relief in the action would be negligence; and that an application had been made without success, would afford no ground for a substantial review of such action, in another suit in a different court.

APPEAL from a judgment in favor of the defendant, entered on a demurrer to the plaintiff's complaint setting up that it did not state facts sufficient to constitute a cause of action, by direction of the justice at Special Term.

The complaint alleged that, on the 17th of October, 1867, the plaintiff purchased of one George W. Smith sixteen lots of ground, for the sum of $2,100, and for certain reasons deemed it prudent and judicious to have the deed therefor made to Sarah Wood as grantee. That plaintiff paid $1,500 on the purchase, and procured the said Sarah Wood to execute a bond and mortgage to Smith, for the balance of the purchase money. That afterward, being in a condition to hold title to real estate, he asked the said Sarah Wood to release or quit-claim the said premises to him, which she freely and voluntarily did, on the 29th of July, 1869. That she never had, and did not then claim or pretend to have, any title to, or interest in the same. That after receiving the said deed from Wood, and having the same recorded, the said Wood then for the first time asserted or pretended any claim to said real estate. That on the 23d of September, 1869, she commenced an action against him, in

the City Court of Brooklyn, to set aside her deed to this plaintiff as fraudulent and void and as a forgery, alleging that she never executed the same, to which this plaintiff interposed an answer. That said action was tried before said court and a jury, and thereon the said Sarah Wood falsely testified that the plaintiff acted as her attorney in the transaction, and purchased the lots from Smith for her; that she never executed the deed to this plaintiff, and to various other false facts, and produced as witnesses in her behalf her mother, Nancy Carpenter, her sister Emma Carpenter, her brother George W. Carpenter, and her daughter Henrietta Wood, each of whom gave material evidence on said trial in her favor, and which evidence was, in all its material parts, corruptly and feloniously false, and well known to the said Sarah Wood to be false and untrue when she produced the same in her behalf on said trial, and that her own evidence, and that she produced, was for the purpose of imposing upon and misleading said court and jury, and fraudulently and corruptly thereby to obtain a decision in her favor on said trial, and by that means to cheat this plaintiff, then defendant on said trial, out of his money and property. The complaint further set forth wherein such testimony was false, and alleged that, in consequence and by reason of said perjuries, the jury found a verdict in favor of said Wood on said trial, and the court thereupon rendered judgment setting aside the deed from said Wood to this plaintiff, then defendant, and affirming the title of said Wood thereto, to his injury. That the defendants in this action, O'Brien, Winkler and Perez, were grantees, subsequent to the trial, of the premises, and well knew of it and all the proceedings thereon, and that the verdict therein was obtained by willful and corrupt perjury; and the plaintiff demanded judgment that said fraud and perjuries might be inquired into and investigated by the court, and that said judgment and adjudication might be reviewed by the court, and be annulled and canceled and set aside as having been obtained by fraud and perjury of said Wood and her witnesses, and that the plaintiff's title to said premises might be affirmed and held good and effectual, and that the pretended title of O'Brien, Winkler and Perez be set aside as fraudulent and a cloud upon plaintiff's title, and for such other relief as the court may be pleased to grant.

*L. S. Chatfield,* for the appellant.

*Rufus L. Scott,* for the respondents.

DAVIS, P. J.:

The question on this demurrer is, whether the issues tried in a former suit, commenced by Sarah Wood against the present appellant, can be retried in this action upon allegations that the then plaintiff, Sarah Wood, and her witnesses named in the complaint in this action, conspired together to commit and did commit perjury on the former trial, by means of which a verdict and judgment in that action were obtained in her favor. The issue in the former action was tried before the court and a jury in due form, and contested by the appellant; and no fraud is alleged to have been practiced upon that tribunal in any of the proceedings in the action or in obtaining the verdict and judgment, other than is contained in the allegation that the witnesses named in the complaint testified corruptly and falsely on the material issues.

If this action can be maintained to retry the issue upon such allegations, there can be of course no end to litigation. Nothing will hinder the defendants in this action, if the plaintiff shall chance to succeed, from filing their complaint alleging the perjury of the plaintiff and his witnesses as the reason of his success, and from obtaining a retrial of the same issue upon the ground of such perjury. And so, whichever party shall be defeated in the successive experiments, the other will be at liberty to return to the charge *ad infinitum,* till death, exhaustion, or failure of issue or of legal representatives shall terminate the struggle. The remedy of plaintiff must be sought by direct proceedings in the former action and not by a collateral suit in another court, in which the issue tendered is the perjury of witnesses on the trial of such former action.

The court below, on deciding the demurrer, pronounced the following opinion :

"VAN VORST, J. It is true, as is argued by the learned counsel for the plaintiff, that a judgment may be questioned on the ground that it was obtained through fraud, contrivance or crime of any description. As was said by ALLEN, J., in *Dobson* v. *Pearce* (2 Kern., 165) :

'Any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not avail himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an interference by a court of equity.'

The judgment of which complaint is made in this action, and which it is asked 'may be anulled, canceled and set aside' as having been obtained by fraud and perjury, was recovered in an action in the City Court of the city of Brooklyn, after a trial of the issues therein upon the merits, and was entered upon the verdict of the jury impanelled to try the same.

While the maxims of the law evidently forbid the review of the proceedings, verdict and judgment in that action by an independent proceeding originating in another court, no authority is adduced which would justify such steps upon the allegations of the complaint herein.

In a case of the character above named, when a trial has been had, and an adverse result has been produced through a fraudulent conspiracy and perjury, the proper course for the aggrieved party to adopt is to apply for relief in the action itself by a motion for a new trial on the grounds of surprise or newly discovered evidence, or other matter, out of which his claim for relief arises, and courts are ever ready to grant relief in the action upon proper cause shown. But it is argued by the counsel for the plaintiff, that the demurrer interposed by the defendant is an admission that the verdict and judgment was obtained through fraud and perjury, and upon such admission the complaint should be held sufficient to support this action.

But it must appear, in order to obtain relief by an independent action in a court of equity against a judgment obtained through fraud and crime, that the party had no remedy at law in the action, and that there had been no fault or negligence on his part. A failure to promptly apply for appropriate relief in the action itself would be negligence; and that an application had been made without success, would afford no reason for a substantial review of such action in another suit in a different court.

But again, there are certain well grounded and accepted presumptions, in the light of which the allegations in this complaint

must be considered, and which, in view of what is sought to be accomplished by this action, must control. Among these presumptions are the following: That the decisions of a court of competent jurisdiction are well founded, and that facts, without proof of which the verdict could not have been found, were proved on the trial. Furthermore, that the testimony which justified that jury in finding that verdict was true.

The law presumes honesty against fraud, and will presume that a witness has not perjured himself. (Broom's Legal Maxims, 908–912.)

"And these presumptions are not to be overcome otherwise than by effective evidence, produced and applied in appropriate remedies sanctioned by the rules of law, and the methods of procedure in judicial tribunals.

There should be judgment for defendant on the demurrer, on the ground that the complaint does not set forth facts sufficient to establish a cause of action."

We adopt this opinion as a correct exposition of the law.

The judgment should be affirmed.

Brady and Daniels, JJ., concurred.

Judgment affirmed.